UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MATTHEW W. MESSINA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 2:13-cv-324-JRG-DHI |
| v. ) | |
| ) | |
| SHERIFF RONNIE LAWSON, CHIEF ) | |
| TONY ALLEN, FIRST SGT. ) | |
| AUTUMN ARMSTRONG, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

This is a prisoner's *pro se* civil rights action under 42 U.S.C. § 1983. This matter is before the Court upon the postal return of a copy of an order entered in this lawsuit, which was mailed to plaintiff at the address he listed as his current address in his complaint. The order was returned to the Court by the postal authorities more than ten days ago, with the envelope marked, "Return to Sender, Not Deliverable as Addressed, and Unable to Forward" (Doc. 5). Obviously, plaintiff has failed to provide the Court with notice of his correct address and, without his correct and current address, neither the Court nor the defendants can communicate with him regarding his case.

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case sua sponte for lack of

prosecution); *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
